QUINCE, J., dissenting.
As I have previously stated, " section 775.021(4), Florida Statutes -which requires a double jeopardy analysis to be conducted without regard to the specific charges against a defendant or which charges have been proven-is antithetical to the purpose and meaning of the double jeopardy clauses of both the United States and Florida Constitutions." Roughton , 185 So.3d at 1211 (Quince, J., dissenting). In this case, as in Roughton , I would consider only the allegations against the defendant *1097 and what the State proved to conduct a proper double jeopardy analysis.
Here, Tambriz-Ramirez was convicted as charged of burglary with assault or battery while armed and aggravated assault with a deadly weapon. Tambriz-Ramirez , 213 So.3d at 921. Tambriz-Ramirez was found to have been armed with a deadly weapon, and both the aggravated assault and burglary with assault or battery were based on his use of the same deadly weapon. Id. at 923. A burglary with assault or battery requires (1) "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein" and (2) "[m]ak[ing] an assault or battery upon any person ... with ... a dangerous weapon." § 810.02(1) - (2), Fla. Stat. An aggravated assault requires (1) an assault "[w]ith a deadly weapon without intent to kill" or (2) with an intent to commit a felony. § 784.021, Fla. Stat. Reviewing the statutes, burglary with assault or battery contains the element of entering a dwelling, structure, or conveyance, while aggravated assault does not. However, the remaining elements of both crimes punish the same conduct. Therefore, it cannot be said that each offense has an element the other does not have in order to satisfy Blockburger .
I would conclude that double jeopardy precludes convictions for both burglary with assault or battery and aggravated assault based on the same conduct, quash the decision below, and approve the conflict cases. Accordingly, I dissent.